IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SOUTHLAW, P.C., | |
| Plaintiff, | 4:17-CV-3104 |
| vs. | ORDER |
| CHRISTINE L. SWANSON; NANCY L. BLACK; UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; and NEERPARK INC., | |
| Defendant. | |

This interpleader action concerns $6,307.78 in excess funds from the sale of property in Lincoln, Nebraska. Filing 1. The plaintiff, SouthLaw P.C., claims that each of the named defendants—including the U.S. Internal Revenue Service—has a potential claim to those funds. Accordingly, the plaintiff seeks leave to deposit the money into the Court's registry, less $800.00 in attorneys' fees and costs, and moves for "discharge" from the pending action as a disinterested stakeholder. *See* filing 28 at 2. The Court will deny that motion without prejudice to reassertion.

Interpleader is a procedural device that allows a party holding money belonging to another to join in a single suit two or more parties asserting mutually exclusive claims to the fund. *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976). Once those funds have been deposited with the Court, the disinterested party is generally entitled to "modest" fees and costs. *See Federated Mut. Ins. Co. v. Moody Station and Grocery*, 821 F.3d 973, 979 (8th Cir. 2016). But that general rule does not apply where—as here—the IRS has a potential claim to the funds based on a federal tax lien. *Millers*

*Mut. Ins. Ass'n of Illinois v. Wassall*, 738 F.2d 302, 303-04 (8th Cir. 1984). In other words, fees and costs are precluded to the extent that such an award would deplete or impair the interpleder fund prior to total satisfaction of the lien. *Id.*; *see Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 517 (9th Cir. 1984). Thus, because the Court has not resolved the defendants' potential claims to the fund, SouthLaw's motion to deposit the money—less $800.00 in attorneys' fees—will be denied.

That does not mean, however, that the plaintiff is without options. The plaintiff may, for example, deposit the entirety of the disputed funds with the Clerk of the Court pursuant to Fed. R. Civ. P. 67(a), and remain as a party until the defendants' claims have been resolved. That approach would allow the plaintiff (depending on how the money is ultimately allocated) to renew its motion for attorneys' fees and costs after judgment has been entered. *See Federated Mut. Ins. Co.*, 821 F.3d at 979. Alternatively, the plaintiff may deposit the funds with the Clerk of the Court and seek immediate discharge from the pending action. *See* 5B Wright & Miller Federal Practice and Procedure Civil 3d § 1716. That route, however, will preclude a renewed motion for attorneys' fees and costs post-judgment.[1]

In sum, because the plaintiff's request depends on a premature request for attorneys' fees and costs, it will be denied without prejudice to reassertion. Accordingly,

---

[1] It may also present complications given the absence of cross-claims between the named defendants: if the plaintiff is dismissed, there will remain no adverse claims actually asserted between and amongst the remaining parties. In other words, the docket sheet would list a number of "defendants" but no one actually asserting a claim.

IT IS ORDERED that the plaintiff's motion (filing 28) is denied without prejudice to reassertion.

Dated this 9th day of March, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge