IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SOUTHLAW, PC,<br><br>                Plaintiff,<br><br>   vs.<br><br>CHRISTINE L. SWANSON, NANCY BLACK, et al.;<br><br>                Defendants. | **4:17CV3104**<br><br>**MEMORANDUM AND ORDER** |

During the call held today, Nancy Black argued the undersigned magistrate judge has a conflict of interest, colluded with Swanson's counsel to distribute funds to other parties and steal funds from Ms. Black, and purposefully delayed the progression of this case. (Filing No. 68). The court interprets these statements as a motion to recuse. For the reasons stated below, that motion will be denied.

Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning [her] impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.)

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d at 370. A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)). But she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C, 153 F.3d 520, 523 (8th Cir. 1998). As the legislative history of 28 U.S.C. §455 explains, disqualification for lack of impartiality must have a reasonable basis. Litigants should not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice. House Report No. 93-1453, adopting Senate Report No. 93-419, 3 U.S.Code Cong. & Admin. News, 93rd Cong., 2d Sess. 1974, pp. 6351-6363 at 6355.

In support of her motion for recusal, Ms. Black claims that I previously worked with Thomas J. Monaghan, Swanson's counsel, as we have both worked for the federal government, and I therefore have a conflict of interest. I have never worked with or for Mr. Monaghan. With specific reference to any federal employment, Mr. Monaghan served as the U.S. Attorney for the District of Nebraska from 1993 until 2001. I have never worked for the U.S. Attorney's Office. My only government employment has been for the court, and that did not begin until August of 2001. And I have no relationship with Mr. Monaghan beyond reviewing, managing, and ruling on court filings. No conflict of interest exists.

As to Ms. Black's allegation that this court, and the undersigned magistrate judge specifically, colluded with Swanson's counsel to misappropriate and improperly distribute funds deposited with the court, those funds were distributed

pursuant to a stipulation and court orders, copies of which are attached. (See, also Filing Nos. 50, 51, 61). I was not involved in those distributions or the decision to distribute any of the funds deposited with the court.

Ms. Black's claim that I delayed case progression likewise has no merit. This case has been managed no differently than any other case. The speed of case progression depends largely on the number of filings, the number of parties, and the complexity of the issues. In this case, the parties navigated amounts owed to the IRS and to a homeowner's association, ultimately leaving only Swanson and Black as claimants to the remainder of the money deposited with the court.

A reasonable observer informed of all the surrounding facts and circumstances would not conclude that I am unable to fairly consider and rule on issues raised in this case.

Accordingly,

IT IS ORDERED that Ms. Black's oral motion to recuse is denied.

October 22, 2019.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SOUTHLAW, P.C., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-3104 |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINE L. SWANSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**JOINT MOTION TO DETERMINE PRIORITY**

On August 11, 2017, SouthLaw, P.C. filed a Complaint for Interpleader against the United States, Neerpark, Inc., Christine L. Swanson, and Nancy L. Black, requesting the distribution of funds in the amount of $6,307.78. (Dkt. No. 1.) The funds are the proceeds that remain following a Trustee's sale of property located at 3321 Neerpark Dr., Lincoln, NE 68506, jointly owned by Christine L. Swanson and Nancy L. Black. The Parties hereby stipulate and move for entry of an order determining priority to the interpled funds as follows:

1. First, on account of Federal Tax Liens, notices of which were filed in 2012 and 2013 against Nancy L. Black, the United States is entitled to fifty-percent of the funds in issue, or $3,153.89, payable to "United States Department of Justice." (Cpt. ¶ 23 & exh. D.)

2. Second, on account of liens recorded in 2017 against the subject property for unpaid homeowner's association dues and an unpaid roof account, Neerpark, Inc. is entitled to $1,622.72. (Cpt. ¶ 24 & exh. E.)

3. Third, SouthLaw, P.C. is entitled to reasonable fees and costs associated with filing and maintaining the Complaint for Interpleader. (Cpt. ¶ 25.)

1

This stipulation does not resolve priority as to any funds that remain following the distributions above.

2

| | |
|---|---|
| Dated: February 25, 2019<br><br>JOSEPH P. KELLY<br>United States Attorney<br><br>RICHARD E. ZUCKERMAN<br>Principal Deputy Assistant Attorney General<br><br>/s/ Samuel Peter Robins<br>SAMUEL PETER ROBINS<br>Trial Attorney, Tax Division<br>WI Bar No. 1094149<br>U.S. Department of Justice<br>P.O. Box 7238<br>Washington, D.C. 20044<br>202-307-0668 (v)<br>202-514-6770 (f)<br>Samuel.P.Robins@usdoj.gov | /s/ Sheila A. Bentzen<br>SHEILA A. BENTZEN<br>Attorney for Neerpark, Inc.<br>REMBOLT, LUDTKE LAW FIRM<br>1128 Lincoln Mall Suite 300,<br>3 Landmark Centre<br>Lincoln , NE 68508<br>(402) 475-5100<br>Fax: (402) 475-5087<br>Sbentzen@remboltlawfirm.com |
| /s/ Thomas J. Monaghan<br>THOMAS J. MONAGHAN<br>Attorney for CHRISTINE L. SWANSON<br>DORNAN, TROIA LAW FIRM<br>1403 Farnam Street Suite 232<br>Omaha , NE 68102<br> (402) 884-7044<br>Email:Tom@dltlawyers.Com | /s/ Liliana E. Shannon<br>LILIANA E. SHANNON (#22854)<br>SOUTHLAW, P.C.<br>10855 W. Dodge Rd., Suite 230<br>Omaha, NE 68154 |
| /s/ Nancy Black<br>Nancy Black<br>4620 Eden Circle<br>Lincoln, NE 68506 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SOUTHLAW, P.C., <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTINE L. SWANSON, et al., <br><br> Defendants. | 4:17-CV-3104 <br><br> ORDER |

This is an interpleader case, in which SouthLaw, P.C. seeks a determination of the defendants' interests in $6,307.78 in excess funds left over from a trustee's sale. *See* filing 1. The parties have stipulated to a determination of priority for most (but not all) of the funds, and have moved the Court for an order declaring that priority. Filing 50. Based upon the parties' stipulation,

  IT IS ORDERED:

  1.  The parties' stipulation and motion to determine priority (filing 50) is granted.

  2.  Pursuant to that stipulation:

      a.  On account of federal tax liens, notices of which were filed in 2012 and 2013 against Nancy L. Black, the United States is entitled to fifty percent of the funds in issue, or $3,153.89, payable to the "United States Department of Justice."

    b.    On account of liens recorded in 2017 against the subject property for unpaid homeowner's association dues and an unpaid roof account, Neerpark, Inc. is entitled to $1,622.72.

    c.    SouthLaw, P.C. is entitled to reasonable fees and costs associated with filing and maintaining its complaint for interpleader.

3.    The stipulation does not resolve priority as to any funds that remain following the distributions above.

4.    Any motions with respect to disposition of the remaining funds shall be filed on or before April 2, 2019.

Dated this 8th day of March, 2019.

                                      BY THE COURT:

                                      _____
                                      John M. Gerrard
                                      Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SOUTHLAW, PC, | |
| Plaintiff, | 4:17-CV-3104 |
| vs. | |
| CHRISTINE L. SWANSON, et al., | ORDER |
| Defendant. | |

IT IS ORDERED:

1. The plaintiff's motion to deposit funds into the Court (filing 54) is granted.

2. The plaintiff shall be paid its expenses and costs in the sum of $800.

3. The plaintiff may deposit the remaining $731.17 in its possession that is at issue with the Clerk of the Court pursuant to Fed. R. Civ. P. 67.

4. The Clerk of the Court shall deposit the funds into an interest-bearing account until further order of the Court.

5. Upon being notified that the sum has been so deposited, the Court will dismiss the plaintiff from the matter.

- 2 -

Dated this 3rd day of April, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge